Belknap
No. 84-299

## The State of New Hampshire

v.

## Roy K. Patten

March 7, 1985

*Stephen E. Merrill*, attorney general (*Gregory W. Swope*, assistant attorney general, on the brief), by brief for the State.

*James E. Duggan*, appellate defender, of Concord, by brief for the defendant.

## Memorandum Opinion

The defendant appeals his conviction for attempted felonious sexual assault, arguing that he abandoned his criminal purpose to penetrate the victim. The Superior Court (*Murphy*, J.) disagreed, and we affirm.

RSA 629:1, I, defines the inchoate crime of attempt. Under RSA 629:1, III, voluntary renunciation of criminal purpose constitutes an affirmative defense to prosecution for attempt. In the case at bar, the defendant concedes that he attempted to commit aggravated felonious sexual assault, but argues that the trial court erred in not finding, as a matter of law, that he voluntarily renounced his criminal purpose.

"When evidence is admitted on a matter declared . . . to be . . . an affirmative defense, the defendant has the burden of establishing such defense by a preponderance of the evidence." RSA 626:7, I(b). This court will find voluntary renunciation, as a matter of *law*, however, only where the undisputed testimony and required inferences compel a finding that the defendant renounced his criminal purpose. *See State v. Campbell*, 110 N.H. 238, 241, 265 A.2d 11, 14 (1970) (standard employed to determine affirmative defense of entrapment as a matter of law). In the case at bar, the evidence compelled no such finding.

*Affirmed.*